IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| JIM B. ESTES,<br>TDCJ No. 1003415, | §<br>§<br>§ | |
| Plaintiff, | §<br>§ | |
| v. | §<br>§ | Civil Action No. 7:20-cv-00098-M-BP |
| JOSEPH M. EASTRIDGE, *et al.*, | §<br>§<br>§ | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a civil rights complaint filed by Plaintiff Jim B. Estes, an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice ("TDCJ") in Iowa Park, Texas. ECF No. 2. Plaintiff claims that Defendant Eastridge, a nurse practitioner at the Allred Unit, as well as other TDCJ employees, refused to give him prescribed pain management treatments which caused him unnecessary pain and suffering. *See* ECF No. 2 at 3-4. Plaintiff seeks monetary damages as well as injunctive relief in the form of an order requiring that pain management treatment be provided as prescribed by his neurosurgeon. *Id.* at 4.

Review of the record reflects that Plaintiff did not pay the Court's filing fee and that he has not filed a motion for leave to proceed *in forma pauperis*. Plaintiff concedes that at least five of his previous cases in this Court have been dismissed as frivolous or for failure to state a claim. *Id.* at 7. Plaintiff's litigation history confirms that he is barred from proceeding *in forma pauperis* under the provisions of the Prison Litigation Reform Act of 1995. *Id.* at 7.

Title 28 U.S.C. § 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in
> a civil action or proceeding under this section if the prisoner has, on 3

> or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff has filed at least three previous federal civil actions that have been dismissed as frivolous. *See Estes v. Bel, et al.*, No. 2:07-cv-00024 (N.D. Tex.) (dismissed on July 5, 2007 as frivolous—no appeal); *Estes v. Bowers, et al.*, No. 3:00-cv-01203 (N.D. Tex.) (dismissed on April 17, 2002 as frivolous—appeal dismissed on October 22, 2002 for want of prosecution); *Estes v. Arnold, et al.*, No. 2:11-cv-00301 (N.D. Tex.) (dismissed on February 1, 2012 as frivolous—appeal dismissed on July 10, 2012 for want of prosecution); *Estes v. Camargo*, No. 2:11-cv-00302 (N.D. Tex.) (dismissed on February 2, 2012 as frivolous—appeal affirmed and warning issued that he has met the requirements of the three-strikes under 28 U.S.C. § 1915(g) on November 1, 2012).

The Court's inquiry into whether Plaintiff is in imminent danger is made at the time that he filed his complaint. *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) (per curiam). In his complaint, Plaintiff did not allege that he is under imminent danger of serious physical injury. Plaintiff states that on three separate occasions, Defendants denied him prescribed pain management and caused him pain and suffering while he was incarcerated at the Allred Unit. *See* ECF No. 2 at 3-4. Further, he asserts that his condition became worse and that he lost his mobility and ability to care for himself. *Id.* at 4.

At least three of Plaintiff's prior civil actions, each filed when he was incarcerated, have been dismissed as frivolous or for failure to state a claim. Furthermore, Plaintiff received a warning issued by the United States Court of Appeals for the Fifth Circuit that he is barred from proceeding *in forma pauperis* in any new civil action or appeal filed, unless he is "under imminent danger of serious physical injury." *See Estes v. NFN Camargo*, 491 F. App'x 474, 476 (5th Cir. 2012) (per

2

curiam). Plaintiff alleges in conclusory fashion that he has suffered from pain, his condition has worsened, and he has experienced loss of mobility and the ability to care for himself. But he has not specifically alleged that he was in imminent danger of serious physical injury at the time he filed the lawsuit.

Plaintiff's claims of past harm based on withheld treatments do not present a claim of imminent danger of serious physical injury. Therefore, he is not entitled to proceed *in forma pauperis,* and any such motion should be denied. If he wishes to pursue the instant claims, Plaintiff must pay the $400.00 filing and administrative fees.

Consequently, the undersigned **RECOMMENDS** that Chief United States District Judge Barbara M. G. Lynn **DISMISS** this case as barred by the three strikes provision of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Dismissal should be without prejudice to Plaintiff's right to reopen the case if he pays the $400.00 filing and administrative fees and files a motion to reopen within thirty days of the date of Chief Judge Lynn's order.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual

findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** August 14, 2020.

                                            _____
                                            Hal R. Ray, Jr.
                                            UNITED STATES MAGISTRATE JUDGE