IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| JIM B. ESTES, <br> TDCJ No. 1003415, <br><br> Plaintiff, <br><br> v. <br><br> JOSEPH M. EASTRIDGE, *et al.*, <br><br> Defendants. | § § § § § § § § § § § | <br><br><br><br><br> Civil Action No. 7:20-cv-00098-M-BP |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a Motion for Reconsideration filed by Plaintiff Jim B. Estes, an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice ("TDCJ") in Iowa Park, Texas. ECF No. 14. Chief United States District Judge Barbara M. G. Lynn referred the case to the undersigned for pretrial management by Order dated July 31, 2020. ECF No. 8.

In his civil rights complaint, Plaintiff claims that Defendant Eastridge, a nurse practitioner at the Allred Unit, as well as other TDCJ employees, refused to give him prescribed pain management treatments and that this caused him unnecessary pain and suffering. *See* ECF No. 2 at 3-4. The undersigned recommended that Chief Judge Lynn dismiss Plaintiff's complaint because of the three strikes provision of 28 U.S.C § 1915(g) and because his claims of past harm based on withheld medical treatments do not constitute imminent danger of serious physical injury. ECF No. 10 at 3.

On August 21, 2020, Plaintiff filed a letter in which he restated his conclusory allegations of suffering from pain. ECF No. 11. He also stated that his condition has worsened due to the withholding of his pain management treatment. *Id.* After construing Plaintiff's letter as objections

to the undersigned's recommendation, the Court dismissed Plaintiff's Complaint without prejudice on September 8, 2020 as barred by the three strikes provision of 28 U.S.C. § 1915(g). ECF No. 13.

In his Motion for Reconsideration, Plaintiff claims that the undersigned erred in finding that he was not in imminent danger of serious physical injury. ECF No. 14 at 1-2. In support of his claim, Plaintiff restates his previous conclusory allegations that he has suffered from pain, his condition has worsened, and that he stands to suffer "irreparable harm" without help from the Court. *Id.* at 2.

The Court's inquiry into whether Plaintiff is in imminent danger is made at the time that he filed his complaint. *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) (per curiam). Claims of incidents that occurred after the initial filing or of potential future harm are insufficient to establish that the plaintiff is in imminent danger of serious physical injury. *Ruston v. Continental Motel*, No. 3:02-cv-2349-N, 2003 WL 22946480, at *2 (N.D. Tex. Feb. 28, 2003). Additionally, allegations related to the quality of medical care are insufficient to establish imminent danger. *Edmond v. Texas Dept. of Corrections*, No. 97-10819, 1998 WL 723877, at *3 (5th Cir. Oct. 7, 1998).

In his Motion, Plaintiff repeats the same conclusory allegations of imminent danger of serious physical injury that the Court previously considered. ECF No. 14 at 1-2. Plaintiff realleges that Defendants denied him prescribed pain management and caused him pain and suffering while he was incarcerated at the Allred Unit. ECF No. 14 at 2. Further, he reasserts that his condition has become worse and that he is fearful about losing the ability to care for himself. *Id.* However, Plaintiff again has not specifically alleged that he was in imminent danger of serious physical injury at the time he filed the lawsuit.

2

Plaintiff's claim that he is in imminent danger of "future" physical injury due to disruption of his pain management treatment is insufficient to establish that he is in imminent danger of serious physical injury. Therefore, he is not entitled to proceed *in forma pauperis* under the three-strike rule, and dismissal of his Complaint without prejudice was proper.

Consequently, the undersigned **RECOMMENDS** that Chief Judge Lynn **DENY** Plaintiff's Motion for Reconsideration (ECF No. 14).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** January 14, 2021.

*/s/ Hal R. Ray, Jr.*
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE