**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| JIM B. ESTES, <br> TDCJ No. 1003415, <br><br> Plaintiff, <br><br> v. <br><br> JOSEPH M. EASTRIDGE, *et al.*, <br><br> Defendants. | § § § § § § § § § § § | Civil Action No. 7:20-cv-00098-M-BP |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Plaintiff's Motion to Proceed *In Forma Pauperis* filed on September 1, 2021 and Motion Seeking Leave to Proceed *In Forma Pauperis* on Appeal filed on September 14, 2021. ECF Nos. 29 and 31, respectively. Chief United States District Judge Barbara M. G. Lynn referred the case to the undersigned for pretrial management by Order dated July 31, 2020. ECF No. 8.

In this civil rights case, Plaintiff claims that Defendant Eastridge, a nurse practitioner at the James V. Allred Unit of the Texas Department of Criminal Justice ("TDCJ"), as well as other TDCJ employees, refused to give him prescribed pain management treatments and that this caused him unnecessary pain and suffering. *See* ECF No. 2 at 3-4. The undersigned recommended that Chief Judge Lynn dismiss Plaintiff's complaint because of the three strikes provision of 28 U.S.C § 1915(g) and because his claims of past harm based on withheld medical treatments do not constitute imminent danger of serious physical injury. ECF No. 10 at 3. Chief Judge Lynn accepted those findings and entered judgment dismissing Plaintiff's case without prejudice. ECF Nos. 12 and 13.

Thereafter, Plaintiff appealed his case to the United States Court of Appeals for the Fifth Circuit. ECF No. 15. By Order dated May 25, 2021, the Fifth Circuit remanded the case for the Court to determine Plaintiff's *in forma pauperis* status on appeal. ECF No. 26. The Fifth Circuit ordered Plaintiff to file in this Court "a fully supported motion for leave to proceed IFP under the imminent-danger exception to 28 U.S.C. § 1915(g), including all required information regarding his financial eligibility," within thirty days of the order. ECF No. 26 at 2. When Plaintiff did not file the necessary motion, the Fifth Circuit dismissed his appeal for want of prosecution on July 20, 2021. ECF No. 27.

Plaintiff then apparently filed a Petition for Rehearing in the Fifth Circuit, and he filed his Motion to Proceed *In Forma Pauperis* in this Court on September 1, 2021. *See* ECF Nos. 28 and 29. The Fifth Circuit granted Plaintiff's motion to reinstate the appeal on September 28, 2021. ECF No. 32. In the meantime, the undersigned entered a Notice of Deficiency and Order on September 2, 2021 ordering Plaintiff to file:

> an Amended Motion to Proceed *In Forma Pauperis* on Appeal that includes "a certified copy of the trust fund account statement (or institutional equivalent) for [him] for the 6-month period immediately preceding the filing of the … notice of appeal, obtained from the appropriate official of each prison at which the prisoner is … confined" as required by 28 U.S.C. § 1915(a)(2).

ECF No. 30 at 1. The undersigned ordered Plaintiff to file the amended motion by October 2, 2021 and warned him that "failure to comply with this order will result in a recommendation that his Motion be denied without further notice." *Id.*

Plaintiff did not file an amended motion as ordered on or before October 2, 2021. Instead, he filed his Motion Seeking Leave to Proceed *In Forma Pauperis* on Appeal on September 14, 2021. ECF No. 31. Like his previous motion filed on September 2, Plaintiff's second motion did not include a certified copy of his trust fund account statement as required by the Court. *See id.*

The standards governing *in forma pauperis* motions are set forth in 28 U.S.C. § 1915(a). The Court may authorize an appeal "without prepayment of fees or security therefor, by a person who submits an affidavit . . . that [he] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The Court must "examine the financial condition of the [IFP] applicant" to determine whether paying fees would cause him to suffer undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). The Court should consider "[t]he amount of money available to an inmate in his prison trust account or from other sources." *Simon v. Quarterman*, No. 3:07-cv-1793-D, 2007 WL 4167943, at *1 (N.D. Tex. Nov. 20, 2007).

Plaintiff did not provide sufficient information regarding his financial condition to enable the Court to determine whether he should be permitted to proceed *in forma pauperis* on appeal. Although he indicated in his IFP request that he enclosed his inmate trust account, the record to date does not reflect that he attached it. *See* ECF No. 29 at 5, 7. The Court warned Plaintiff that it would recommend denial of his IFP request if he did not provide complete financial information, including an affidavit with a certified copy of the trust fund account statement. ECF No. 30 at 1. Because he did not cure this deficiency (*see* ECF No. 31), Chief Judge Lynn should deny Plaintiff's Motions for leave to proceed *in forma pauperis* on appeal (ECF Nos. 29 and 31).

Additionally, the undersigned concludes that even if Plaintiff had offered sufficient evidence to show that he could not pay the appellate filing fees without causing him undue financial hardship, Chief Judge Lynn should not grant his request to proceed *in forma pauperis* on appeal. Plaintiff has not made the requisite showing under the imminent-danger exception to 28 U.S.C. § 1915(g) to avoid the three-strikes provision that applies to him.

Claims of potential future harm are insufficient to establish that the plaintiff is in imminent danger of serious physical injury. *See Ruston v. Cont'l Motel*, No. 3:02-cv-2349-N, 2003 WL

22946480, at *2 (N.D. Tex. Feb. 28, 2003). Additionally, complaints related to the quality of medical care are insufficient by themselves to establish imminent danger. *Edmond v. Tex. Dep't of Corr.*, 161 F.3d 8 (5th Cir. 1998). Plaintiff complains of a deteriorating condition that, "*if* left inappropriately treated," places him "in imminent danger of further spinal damage and greater pain resulting in the *possibility* of loss of his ability to walk at all." ECF No. 31 at 2 (emphasis added). He does not support his claims with any medical evidence. *See* ECF No. 31. Thus, although Plaintiff "apparently disagrees with the course of his treatment, there is nothing to suggest that [his] medical conditions place him in imminent danger of serious physical injury." *Arvie v. Tanner*, 518 F. App'x 304 (5th Cir. 2013).

Consequently, the undersigned **RECOMMENDS** that Chief Judge Lynn **DENY** Plaintiff's Motion to Proceed *In Forma Pauperis* filed on September 1, 2021 (ECF No. 29) and Motion Seeking Leave to Proceed *In Forma Pauperis* on Appeal filed on September 14, 2021 (ECF No. 31).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except

upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on November 1, 2021.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE