**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **JIM B. ESTES,** | § | |
| **TDCJ No. 1003415,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 7:20-cv-00098-M-BP** |
| | § | |
| **JOSEPH M. EASTRIDGE,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff's Amended Motion Seeking Leave to Proceed In Forma Pauperis on Appeal filed on December 7, 2021. ECF No. 35. Chief United States District Judge Barbara M. G. Lynn referred the case to the undersigned for pretrial management by Order dated July 31, 2020. ECF No. 8.

In this civil rights case, Plaintiff claims that Defendant Eastridge, a nurse practitioner at the James V. Allred Unit of the Texas Department of Criminal Justice ("TDCJ"), as well as other TDCJ employees, refused to give him prescribed pain management treatments and that this caused him unnecessary pain and suffering. *See* ECF No. 2 at 3-4. The undersigned recommended that Chief Judge Lynn dismiss Plaintiff's complaint because of the three strikes provision of 28 U.S.C § 1915(g) and because his claims of past harm based on withheld medical treatments do not constitute imminent danger of serious physical injury. ECF No. 10 at 3. Chief Judge Lynn accepted those findings and entered judgment dismissing Plaintiff's case without prejudice. ECF Nos. 12 and 13.

Thereafter, Plaintiff appealed his case to the United States Court of Appeals for the Fifth Circuit. ECF No. 15. By Order dated May 25, 2021, the Fifth Circuit remanded the case for the Court to determine Plaintiff's *in forma pauperis* status on appeal. ECF No. 26. The Fifth Circuit ordered Plaintiff to file in this Court "a fully supported motion for leave to proceed IFP under the imminent-danger exception to 28 U.S.C. § 1915(g), including all required information regarding his financial eligibility," within thirty days of the order. ECF No. 26 at 2. When Plaintiff did not file the necessary motion, the Fifth Circuit dismissed his appeal for want of prosecution on July 20, 2021. ECF No. 27.

Plaintiff then apparently filed a Petition for Rehearing in the Fifth Circuit, and he filed his Motion to Proceed *In Forma Pauperis* in this Court on September 1, 2021. *See* ECF Nos. 28 and 29. The Fifth Circuit granted Plaintiff's motion to reinstate the appeal on September 28, 2021. ECF No. 32. In the meantime, the undersigned entered a Notice of Deficiency and Order on September 2, 2021 ordering Plaintiff to file:

> an Amended Motion to Proceed *In Forma Pauperis* on Appeal that includes "a certified copy of the trust fund account statement (or institutional equivalent) for [him] for the 6-month period immediately preceding the filing of the … notice of appeal, obtained from the appropriate official of each prison at which the prisoner is … confined" as required by 28 U.S.C. § 1915(a)(2).

ECF No. 30 at 1. The undersigned ordered Plaintiff to file the amended motion by October 2, 2021 and warned him that "failure to comply with this order will result in a recommendation that his Motion be denied without further notice." *Id.*

Plaintiff did not file an amended motion as ordered on or before October 2, 2021. Instead, he filed his Motion Seeking Leave to Proceed *In Forma Pauperis* on Appeal on September 14, 2021. ECF No. 31. Like his previous motion filed on September 2, Plaintiff's second motion did not include a certified copy of his trust fund account statement as required by the Court. *See id.*

2

As a result, the undersigned entered Findings, Conclusions, and a Recommendation that Chief Judge Lynn Chief Judge Lynn deny Plaintiff's Motion to Proceed *In Forma Pauperis* filed on September 1, 2021 (ECF No. 29) and Motion Seeking Leave to Proceed *In Forma Pauperis* on Appeal filed on September 14, 2021 (ECF No. 31). ECF No. 33. Plaintiff did not object to the Findings, Conclusions, and Recommendation within the fourteen days provided by law, and Chief Judge Lynn entered her Order Accepting Findings and Recommendation of the United States Magistrate Judge on December 6, 2021. ECF No. 34.

Plaintiff's Amended Motion Seeking Leave to Proceed in Forma Pauperis on Appeal (ECF No. 35) was filed on December 7, 2021. The record reflects that the letter transmitting Plaintiff's Amended Motion for filing bears a postmark of September 23, 2021 and apparently was delayed in the mail after being forwarded by the United States Postal Service from the previous address of the Clerk's Office in Wichita Falls to the Clerk's Office in Fort Worth. *See* ECF No. 35 at 10. Consequently, Chief Judge Lynn vacated her Order (ECF No. 34) and returned the case to the undersigned to enter Findings, Conclusions, and a Recommendation in light of Plaintiff's Amended Motion (ECF No. 35).

The standards governing *in forma pauperis* motions are set forth in 28 U.S.C. § 1915(a). The Court may authorize an appeal "without prepayment of fees or security therefor, by a person who submits an affidavit . . . that [he] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The Court must "examine the financial condition of the [IFP] applicant" to determine whether paying fees would cause him to suffer undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). The Court should consider "[t]he amount of money available to an inmate in his prison trust account or from other sources." *Simon v. Quarterman*, No. 3:07-cv-1793-D, 2007 WL 4167943, at *1 (N.D. Tex. Nov. 20, 2007).

The Amended Motion provides sufficient information regarding Plaintiff's financial condition to enable the Court to determine whether he should be permitted to proceed *in forma pauperis* on appeal. The financial information he provided, including an affidavit with a certified copy of the trust fund account statement, demonstrates that Plaintiff has very limited means and could not pay the appellate filing fees without causing him undue financial hardship. *See* ECF No. 35 at 6. Nevertheless, the undersigned recommends that Chief Judge Lynn not grant Plaintiff's Amended Motion because Plaintiff has not made the requisite showing under the imminent-danger exception to 28 U.S.C. § 1915(g) to avoid the three-strikes provision that applies to him.

Claims of potential future harm are insufficient to establish that the plaintiff is in imminent danger of serious physical injury. *See Ruston v. Cont'l Motel*, No. 3:02-cv-2349-N, 2003 WL 22946480, at *2 (N.D. Tex. Feb. 28, 2003). Additionally, complaints related to the quality of medical care are insufficient by themselves to establish imminent danger. *Edmond v. Tex. Dep't of Corr.*, 161 F.3d 8 (5th Cir. 1998). Plaintiff claims that his "worsening condition is ongoing." ECF No. 35 at 3. He asserts that he has difficulty ambulating without a wheelchair and is stranded in the High Security Building "exposed … to poor air quality, deranged behavior from mentally ill prisoners and deprivation of sunlight." *Id.* at 4. He does not support his claims with any medical evidence that would suggest that he is in imminent danger of serious physical injury. *See* ECF No. 35. Thus, although Plaintiff "apparently disagrees with the course of his treatment, there is nothing to suggest that [his] medical conditions place him in imminent danger of serious physical injury." *Arvie v. Tanner*, 518 F. App'x 304 (5th Cir. 2013).

Consequently, the undersigned **RECOMMENDS** that Chief Judge Lynn **DENY** Plaintiff's Amended Motion Seeking Leave to Proceed In Forma Pauperis on Appeal filed on December 7, 2021. ECF No. 35.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on January 21, 2022.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

5